IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELITE EDGE ACQUISITIONS LLC, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:25-cv-1510-X-BN |
| KIAVI FUNDING, INC., | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 3.

Plaintiff Elite Edge Acquisitions LLC filed an emergency petition in state court, seeking a temporary restraining order ("TRO") to halt a foreclosure sale of its property (the "Property") by Defendant Kiavi Funding, Inc. *See* Dkt. No. 1-4.

The state court granted Elite Edge's petition and temporarily restrained Kiavi from "conducting any foreclosure sale or auction of" the Property. *Id.* at 18. The order set bond for the TRO at $50. *See id.*

Kiavi removed the action to federal court. *See* Dkt. No. 1. And it moved to dismiss the claims against it. *See* Dkt. No. 6.

The undersigned entered a briefing schedule that required Elite Edge to respond to the motion by August 15, 2025. *See* Dkt. No. 11.

Elite Edge moved for an extension on its response deadline. *See* Dkt. No. 17. The Court granted the motion and set the new response deadline to September 15, 2025. *See* Dkt. No. 18.

On September 29, 2025, after its response deadline had passed, Elite Edge filed a Motion for Leave to Respond to Defendant's Motion to Dismiss. *See* Dkt. No. 21.

The undersigned ordered Elite Edge to comply with Local Civil Rule 7.1(b) and inform the Court whether its motion was opposed or unopposed by October 6, 2025. *See* Dkt. No. 23. Elite Edge has not complied with the Court's order.

Kiavi responded to Elite Edge's motion for leave. *See* Dkt. No. 25.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Elite Edge's motion for leave to respond [Dkt. No. 21], grant in part Kiavi's motion to dismiss [Dkt. No. 6], dismiss Elite Edge's complaint [Dkt. No. 1] with prejudice as to the Texas Property Code claim and without prejudice as to the wrongful foreclosure claim, and grant Elite Edge leave to amend its wrongful foreclosure claim by a reasonable deadline to be set by the Court.

## Legal Standards

### I.  Rule 6(b)(1) Motion for Leave to Respond

Rule 6(b)(1)(B) requires a showing of "excusable neglect" to extend an expired deadline.

And the determination as to excusable neglect

> is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include the

> danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (cleaned up; quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (quoting, in turn, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))).

"Excusable neglect is intended and has proven to be quite elastic in its application." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-cv-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (citation omitted).

But "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *N.L.R.B. v. Tri-Cnty. Elec. Coop., Inc.*, No. 21-60887, 2023 WL 5040960, at *2 (5th Cir. Aug. 8, 2023) (per curiam) (quoting *Pioneer*, 507 U.S. at 392); see also *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) ("Our court has held that, in most cases, an attorney's simple misunderstanding of the Federal Rules 'weighs heavily against a finding of excusable neglect.'" (quoting *Williams*, 161 F.3d at 880)).

And, although the decision to grant relief under Rule 6(b)(1)(B) turns on the equities, where (1) such a motion is grounded solely on counsel's inadvertence, a reason solely within the control of the movant, see *Nelson*, 17 F.4th at 525 ("[I]n determining whether a party's failure to meet a deadline was excusable, the proper focus is upon whether the neglect of the party and their counsel was excusable."

(cleaned up)), and (2) the length of the delay is multiple months, not a few days or even a week or two, the Court cannot find that the neglect is legally excusable, *cf. Williams*, 2022 WL 3081765, at *3 n.7 (granting the motion under Rule 6(b)(1)(B) but noting that it would reach the same result under Rule 16(b)(4)).

## II. Rule 12(b)(6) Motion to Dismiss

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend

entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

## Analysis

### I. Elite Edge's Motion for Leave to Respond

Elite Edge asks the Court, for a second time, to extend its deadline to respond to Kiavi's motion to dismiss. *See* Dkt. No. 21. It argues that Elite Edge's attorneys were "very busy" with other cases, that attorney Robert Parker was recovering from a surgery about six months prior, and that its response to the motion to dismiss is "best written if the present counsel receives loan documents" from Kiavi. *Id.* at 2, 3. Elite Edge contends that the documents "were requested weeks ago." *Id.* at 3.

The motion for leave suggests that Elite Edge will amend its complaint once it receives the loan documents. *See id.* at 3. But it has not moved for leave to amend.

In its response, Kiavi argues that Elite Edge's motion is "procedurally defective," that "[d]iscovery is not required to address" the motion to dismiss, that Elite Edge did not serve discovery requests on Kiavi, and that an extension would be prejudicial to Kiavi. Dkt. No. 25 at 3, 5.

Discovery has begun in this lawsuit. The parties have conferred under Federal Rule of Civil Procedure 26, *see* Dkt. No. 19, and Kiavi has served its initial disclosures, *see* Dkt. No. 24. But Elite Edge "has neither served [Kiavi] with discovery requests nor provided its initial disclosures" since the first extension. Dkt. No. 25 at 5. Elite Edge has not explained why it did not serve written discovery requests on Kiavi. *See* FED. R. CIV. P. 26, 1983 comm. note ("Rule 26(g) imposes an affirmative duty to

-6-

engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37."); *see also Jackson v. Cain*, 864 F.2d 1235, 1241 (trial court did not err in denying plaintiff requested documents because "Fed. R. Civ. P. 34 requires that a request for production of documents be served on the party from whom the documents are requested" and the record "fails to indicate that the request was ever served on the defendants").

And sending a discovery request is "within the reasonable control" of Elite Edge. *See Stotter*, 508 F.3d at 820; *accord Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980) (finding counsel did not diligently prosecute its case where it failed to follow discovery procedures).

And, although "[m]edical problems, suffered by an attorney or his close family, may amount to excusable neglect," Elite Edge has not explained why Mr. Parker's co-counsel was unable to serve written discovery requests on Kiavi for their requested documents while Mr. Parker was recovering from surgery. *Kendricks v. Methodist Children's Home*, No. 6:20-cv-1006-ADA, 2021 WL 5002600, at *3 (W.D. Tex. Oct. 28, 2021) (cleaned up). And it has not submitted proof of any attempts to request the documents since the original response deadline of August 15, 2025, over three months ago. *C.f. id.* (finding excusable neglect where plaintiff's counsel experienced health issues that caused a delay of one day).

As to Elite Edge's argument that it was preoccupied with other cases and trials, *see* Dkt. No. 21 at 2, 3, "[a] busy practice does not constitute excusable neglect," *see*

-7-

*Draper v. KK Ford, LP*, 196 Fed. App'x 264, 265 (5th Cir. 2006) (cleaned up); *accord McKenzie v. Principi*, 83 Fed. App'x 642, 644 (5th Cir. 2003) (finding the same under Federal Rule of Civil Procedure 60(b)).

Elite Edge has not stated how much additional time it needs to file the brief. But, because the original response deadline was August 15, 2025, granting a second extension at this juncture would lead to a total delay in briefing of at least three months.

The undersigned also finds that, because Elite Edge's complaint is bare of any facts to support its claim (discussed below), any response to Kiavi's motion to dismiss would be futile. Elite Edge cannot allege additional facts to support its claim it its response. *Tex. Health and Human Servs. Comm'n v. United States*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) ("In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff." (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999))). Elite Edge must amend its complaint for its claims to survive. And, so, denying leave to respond would not prejudice Elite Edge.

Balancing the factors, the undersigned is not persuaded that Elite Edge's failure to timely respond to the motion to dismiss was due to excusable neglect.

And the Court should deny Elite Edge's motion for leave [Dkt. No. 21].

## II.   Kiavi's Motion to Dismiss

Elite Edge's complaint alleges that Kiavi "failed to provide proper notice" of its

foreclosure of the Property. Dkt. No. 1 at 19. On that basis, Elite Edge brings claims against Kiavi for violation of Texas Property Code § 51.002 and for wrongful foreclosure. *See id.* Elite Edge seeks only injunctive relief. *See id.* at 19-20.

Kiavi moves to dismiss the claims under Rule 12(b)(6). *See* Dkt. No. 6.

### A. Texas Property Code § 51.002

Kiavi argues that Elite Edge fails to state a claim under Texas Property Code § 51.002 because that statute does not provide a private cause of action. And, so, it contends that Elite Edge's claim is properly construed as a wrongful foreclosure claim.

The undersigned agrees.

"Indeed, § 51.002 contains no language or provision creating a private cause of action." *Flores v. PennyMac Loan Servs., LLC*, No. 3:18-cv-924-G (BT), 2019 WL 4720977, at *5 (N.D. Tex. Sept. 4, 2019) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 569 (Tex. 2001)) ("Section 51.002 establishes the procedures for conducting a foreclosure sale."), *rec. adopted*, 2019 WL 4691621 (N.D. Tex. Sept. 25, 2019).

Other federal courts in Texas have also held that Section 51.002 does not otherwise provide for an independent cause of action. *See, e.g., Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement

mechanism."); *Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017) (cleaned up) ("Section 51.002 of the Texas Property Code, however, does not provide a private right of action."); *Anderson v. CitiMortgage*, 2014 WL 2983366, at *5 (E.D. Tex. July 2, 2014) (cleaned up) ("Under Texas law, there is no independent cause of action for breach of section 51.002.").

And, so, Elite Edge's causes of action for violations of Section 51.002 of the Texas Property Code fail as a matter of law.

### B. Wrongful Foreclosure

To state a wrongful foreclosure claim under Texas law, a plaintiff must plead: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). "The plaintiff must allege a grossly inadequate selling price in all but a specific category of cases where the plaintiff alleges that the defendant deliberately chilled the bidding at the foreclosure sale." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767-68 (5th Cir. 2016) (cleaned up).

But a plaintiff cannot state a viable claim for wrongful foreclosure if they never lost possession of the property. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444 (5th Cir. 2013); *see also Motten v. Chase Home Fin.*, 831 F.Supp.2d 988, 1007–08 (S.D. Tex. 2011) ("[B]ecause recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a

theory of wrongful foreclosure. As such, courts in Texas do not recognize an action for attempted wrongful foreclosure."); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. Ct. App. 1998) ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property.").

Here, Elite Edge's complaint, which was filed on June 2, 2025, alleges that the Property was to be sold on June 3, 2025. *See* Dkt. 1-4 at 3-4. But, because the petition was filed before the alleged foreclosure date, Elite Edge does not plead that the Property was, in fact, sold on June 3. And it does not reference any documents that show the Property was sold.

And the undersigned agrees with Kiavi that Elite Edge's wrongful foreclosure claim fails on its face because Elite Edge's complaint "does not allege either a grossly inadequate selling price or a causal connection between the defect and the grossly inadequate selling price." Dkt. No. 6-1 at 5.

Elite Edge makes no allegations in its petitions about the market price of the Property or Kiavi's intended sale price. A plaintiff does not need to show a grossly inadequate selling price if the plaintiff alleges "that the defendant-mortgagee (lender) deliberately 'chilled' the bidding at the foreclosure sale," but Elite Edge does not allege facts to meet this exception. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 727 (5th Cir. 2013); *Chowdhury v. Carrington Mortg. Servs., LLC*, No. 3:23-cv-596-K-BN, 2024 WL 628027, at *5 (N.D. Tex. Jan. 18, 2024), *rep. & rec.*

*adopted*, 2024 WL 628213 (N.D. Tex. Feb. 14, 2024).

And Elite Edge has not alleged a causal link between a procedural defect and a grossly inadequate sales price as required for a wrongful foreclosure claim. *See Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 329 (5th Cir. 2017).

And, so, the undersigned finds Elite Edge has not alleged sufficient facts to plead a wrongful foreclosure claim against Kiavi.

### C. Request for Injunctive Relief

Kiavi argues that Elite's Edge's request for an injunction fails because, on June 3, 2025, Kiavi completed the property sale that Elite Edge seeks to enjoin. *See* Dkt. No. 6-1 at 3. Kiavi also contends that Elite Edge's request for an injunction fails because there is no evidence that Elite Edge paid the $50 bond required by the TRO that it received. *See id.* And it argues that, even if the requested injunctive relief was still viable, it cannot be granted because Elite Edge's substantive claims fail. *See id.*

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988).

But, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

"[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

"[T]he case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lonestar Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And, here, as discussed above, Elite Edge does not allege or reference any documents that state that Kiavi foreclosed on the Property or that Elite Edge is no longer in possession of the Property. Instead, Elite Edge requested injunctive relief to prevent Kiavi from foreclosing on the Property. And, so, the Court cannot rely on Kiavi's statement that the Property was sold on June 3, 2025.

Under Texas law, a request for injunctive relief "'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)); *Thomas*, 499 F. App'x at

343 n.15 ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

And, as explained above, when ruling on a 12(b)(6) motion, the Court determines only whether the plaintiff has alleged enough facts to plead a cause of action.

Paying a TRO bond is not an element of a wrongful disclosure claim, and Elite Edge need not allege a bond payment in its complaint. And, so, the Court should not dismiss Elite Edge's complaint on that basis.

The undersigned agrees with Kiavi that, because Elite Edge's causes of action fail, its request for injunctive relief will not survive.

But, because Elite Edge has not amended its complaint, it is likely that it has not yet alleged its "best case" for its wrongful disclosure claim, so further leave to amend should be granted as to that claim. *C.f. Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) ("Granting leave to amend … is not necessary when the plaintiff has pleaded his or her 'best case' after being apprised of pleading deficiencies." (citations omitted)). But, because Elite Edge cannot show that Section 51.002 creates a private cause of action, leave to amend should not be granted as to that claim. *C.f. id.* ("[A] district court need not grant a motion to amend if doing so would be an exercise in futility." (citations omitted)).

And, so, for the reasons set out above, the Court should grant the motion to dismiss to the extent that it should dismiss Elite Edge's Section 51.002 with prejudice

and dismiss its wrongful foreclosure claim without prejudice and with leave to amend.

### Recommendation

The Court should dismiss with prejudice Plaintiff Elite Edge Acquisitions LLC's Texas Property Code § 51.002 claim against Defendant Kiavi Funding, Inc. And it should dismiss without prejudice Elite Edge's wrongful foreclosure claim against Kiavi and grant Elite Edge leave to amend its complaint as to that claim by a reasonable deadline to be set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 21, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE